UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

**BRIDGET BUTLER**      CASE NO. 3:22-cv-03433

**VERSUS**      JUDGE JAMES D. CAIN, JR.

**STATE FARM FIRE AND CASULATY COMPANY, STATE FARM GENERAL INSURANCE COMPANY, AND STATE FARM MUTUAL AUTOMOBILE INSURACE COMPANY**      MAGISTRATE JUDGE KAY

### MEMORANDUM ORDER

Before the Court is Defendant State Farm Mutual Automobile Insurance's ("State Farm Auto") and Defendant State Farm General Insurance's ("State Farm General") Motion to Dismiss (Doc. 22), whereby Defendants move to dismiss under Rule 12(b)(6) all Plaintiff's claims against the entities. The motion is regarded as unopposed.

### I.     INTRODUCTION

On or about August 27, 2020, Hurricane Laura made landfall near Lake Charles, Louisiana. On or about October 9, 2020, Hurricane Delta made landfall near Lake Charles, Louisiana. During the relevant time period, Plaintiff Bridget Butler owned property located at 3405 Barlow St., Monroe, Louisiana 71203 to which an entity of State Farm provided a policy of insurance to Plaintiff. Plaintiff alleges that Defendant has failed to timely and adequately compensate Plaintiff for its substantial losses pursuant to the Policy. In turn, Plaintiff filed suit against State Farm Auto, State Farm General, and State Farm Fire and

Casualty Company ("State Farm Fire and Casualty") claiming liability for damages for breach of contract plus general damages and for statutory violations and penalties under Louisiana Revised Statutes Sections 22:1892 and/or 22:1973. *See generally* Doc. 1.

State Farm General and State Farm Auto now move for dismissal of the claims against them under Rule 12(b)(6). Doc. 22. Plaintiff has filed no response to the motion and her time for doing so has passed. Accordingly, the motion is regarded as unopposed.

## II.     RULE 12(b)(6) STANDARD

Rule 12(b)(6) allows for dismissal when a plaintiff "fail[s] to state a claim upon which relief can be granted." When reviewing such a motion, the court should focus on the complaint and its attachments. *Wilson v. Birnberg*, 667 F.3d 591, 595 (5th Cir. 2012). The court can also consider documents referenced in and central to a party's claims, as well as matters of which it may take judicial notice. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498–99 (5th Cir. 2000); *Hall v. Hodgkins*, 305 Fed. App'x 224, 227 (5th Cir. 2008) (unpublished).

Such motions are reviewed with the court "accepting all well-pleaded facts as true and viewing those facts in the light most favorable to the plaintiff." *Bustos v. Martini Club, Inc.*, 599 F.3d 458, 461 (5th Cir. 2010). However, "the plaintiff must plead enough facts 'to state a claim to relief that is plausible on its face.'" *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Accordingly, the court's task is not to evaluate the plaintiff's likelihood of success but instead to determine whether the claim is both legally cognizable and plausible. *Lone Star Fund v. (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 87 (5th Cir. 2010).

### III.   LAW AND ANALYSIS

The Complaint alleges that the "Defendant"[1] issued and maintained a Policy insuring Plaintiff's Property. The Complaint does not provide a specific policy number, and the Complaint asserts a policy number was unable to be identified because "Defendant" did not comply with Plaintiff's request for production of the policy number. Doc.1, ¶ 1.

Attached to their Motion to Dismiss (Doc. 22), State Farm General and State Farm Auto put forth an insurance policy (Doc 22-2) with the policy number 99-CC-X642-7, and both companies assert that the attached policy is the Policy referenced in the Complaint. Doc 22-1. The attached policy is from State Farm Fire and Casualty and names Plaintiff as insured and the Property as the location of premises insured with a policy period of twelve months beginning August 25, 2020. *Id.* State Farm General and State Farm Auto are not listed as parties in the attached policy. *Id.* Additionally, both State Farm General and State Farm Auto maintain that neither entity has issued a policy to Plaintiff. Doc. 22-1.

"Under Louisiana law, no action for breach of contract may lie in the absence of privity of contract between the parties." *Beauregard Quarters, LLC v. Action Concrete Constr., Inc.*, 2021 WL 2942514, at *3 (M.D. La. Jul. 13, 2021) (citing *Pearl River Basin Land and Dev. Co., L.L.C. v. State, ex rel. Governor's Office of Homeland Sec. and Emergency Preparedness*, 29 So. 3d 589, 592 (La. Ct. App. 1st Cir. 2009)). State Farm General and State Farm Auto are not parties to the attached policy, and each assert it did not provide Plaintiff with any insurance coverage. Therefore, neither State Farm General

---

[1] In the Complaint, "Defendant" includes State Farm General, State Farm Auto, and State Farm Casualty and Fire. Doc. 1 at ¶ 3.

nor State Farm Auto are in privity of contract with the Plaintiff. According to the attached policy, Plaintiff is only in privity of contract with State Farm Fire and Casualty.

## IV. <u>CONCLUSION</u>

For the reasons stated herein,

**IT IS ORDERED** that Defendants State Farm General Insurance Company and State Farm Automobile Insurance Company's Motion to Dismiss (Doc. 22) is **GRANTED**. Plaintiff maintains claims against State Farm Fire and Casualty Insurance Company.

**THUS DONE AND SIGNED** in Chambers on this 23rd day of June 2023.

_____
**JAMES D. CAIN, JR.
UNITED STATES DISTRICT JUDGE**